IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID LEON LASHLEY,

      Plaintiff,

v.                                       CASE NO. 1:14-cv-188-MP-GRJ

JUDGE GROAB,

      Defendant.

_____/

## ORDER AND REPORT AND RECOMMENDATION

      Plaintiff, a prisoner presently confined at Alachua County Jail, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*.  (Docs. 1, 2). The Court will grant his motion to proceed *in forma pauperis*, Doc. 2, for the limited purpose of screening his complaint under 28 U.S.C. § 1915(e)(2).  Because the Plaintiff does not state any viable claim against the Defendant in his Complaint, the Court concludes that the case is due to be dismissed and it is unnecessary to require Plaintiff to correct this deficiency.

### Plaintiff's Motion to Proceed *In Forma Pauperis*

      Plaintiff's motion to proceed as a pauper, Doc. 2, is **GRANTED** for the limited purpose of screening this case pursuant to 28 U.S.C. 1915(e)(2).  Plaintiff shall pay **$0.00** as an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A); however, Plaintiff is assessed the total $350.00 filing fee.

      Plaintiff is required to make monthly payments of twenty percent of the preceding month's income (all funds deposited into the account) credited to the Plaintiff's inmate account.  The agency having custody of Plaintiff shall forward payments from the

Plaintiff's account on a monthly basis to the Clerk each time the amount in the account exceeds $10.00. These payments shall continue until the full $350.00 filing fee is paid. These payments should be made by means of a check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court." The following information shall either be included on the face of the payment or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number and, (3) Northern District of Florida Case Number 1:14-cv-188-MP-GRJ. Checks or money orders which do not have this information will be returned.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency having custody over him lapses in its duty to make payments on his behalf. Thus, in case of transfer, Plaintiff should ensure that any new institution is advised of this lawsuit and Plaintiff's payment obligations. Plaintiff should retain a copy of this Order for that purpose.

## Discussion

The Complaint stems from Plaintiff's appearance in front of Judge Groeb of the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida. (Doc. 1 at 5.) Plaintiff states that Judge Groeb does not want a "not guilty" verdict in his trial and will not let his attorney, Mr. Bushnell, end his representation of Plaintiff. *Id.* Plaintiff claims that the state attorney, William Ezzell, was removed from the case. *Id.* He further alleges that his attorney's case load is too large to adequately prepare for Plaintiff's case. *Id.* The only named Defendant in the Complaint is Judge Groeb, a Circuit Judge in the Eighth Judicial Circuit. Plaintiff does not contend that any of his constitutional rights were violated, nor does he ask for any discernible type of relief.

(Doc. 1 at 7.)

The judicial function is cloaked with absolute immunity, with certain narrow exceptions.  *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)(judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.").  Judge Groeb is entitled to immunity from a civil action under § 1983 for his decisions concerning Plaintiff's trial.  To the extent that Plaintiff intends to name either the prosecutor, William Ezzell, or his public defender, Alan Bushnell, as a Defendant, the prosecutorial function enjoys absolute immunity from civil damages, and a public defender acting within the scope of his employment would be entitled to qualified immunity from suit. *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). ("Prosecutors have absolute immunity from civil damages suits under section 1983 for actions intimately associated with the judicial phase of the criminal process."); *Rowe v. Schreiber*, 139 F.3d 1381, 1383 (11th Cir. 1998)("Qualified immunity protects government officials performing discretionary functions from civil trials (and other burdens of litigation, including discovery) and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'").  The Complaint contains no allegation suggesting that this case would fall within any exceptions to the immunity doctrine, nor does the record reflect that any such allegation would have any conceivable merit. Thus, Plaintiff cannot proceed in this case against Judge Groeb.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss the complaint if it fails to state a claim upon which relief may be granted or seeks relief against an

individual who is immune from suit.  Ordinarily, "[i]f the underlying facts or

circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v.

Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given."  *See*

Fed.R.Civ.P. 15(a).   Under *Foman*, however, a district court may properly deny leave to

amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.

In this case, it is clear that the facts and circumstances relied upon by Plaintiff are not a

proper subject for relief in a civil rights complaint, and amendment would be futile.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed with

prejudice pursuant to 28 U.S.C. § 1915(e)(2) because the Plaintiff fails to state a claim

upon which relief may be granted and seeks relief against an individual who is immune

from suit.  Such dismissal will count as a "strike" pursuant to 28 U.S.C § 1915(g).  If

Plaintiff accumulates three strikes, he will be barred from proceeding *in forma pauperis*

in a civil case in federal court, absent a showing that he is under imminent danger of

serious physical injury.  28 U.S.C § 1915(g).

**IN CHAMBERS**, at Gainesville, Florida, this 7th day of October 2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**